ADAMS' ESTATE v. LEWIS.

No. 7023. Decided May 14, 1947. (180 P. 2d 865.)

See 34 C. J. S. Executors and Administrators, Sec. 564. Agreement among beneficiaries for distribution in manner or proportions other than provided by will, note, 97 A. L. R. 468. See, also, 21 Am. Jur. 650, 651.

Leon Fonnesbeck, of Logan, for appellant.

George C. Heinrich, of Logan, for respondent.

PRATT, Justice.

The lower court ordered the administrator in this case to credit upon the purchaser's bid for real estate sold pursuant to court confirmation, the purchaser's interest in the real estate as assignee of some of the heirs. The administrator appeals.

According to the inventory and appraisement the estate possessed a piece of real estate valued at $5,000, household furniture appraised at $100, and cash in the bank of $5,-029.80. There were numerous heirs—a sister and nephews and nieces.

The real estate was sold due to the impossibility of a practical division among the heirs. The bid of the purchaser, Conway H. Lewis, was made in open court and was for the sum of $5,500, being the highest and best bid. On November 26, 1946, the court confirmed this sale. Notice to creditors had been published at this time but the time for presentation of claims had not expired. That time expired February 12, 1947.

The order confirming this sale ends thus:

"*  *  *  and the said petitioner, as such administrator  *  *  *
is hereby authorized and directed to execute an administrators deed
conveying the said premises  *  *  *  to said purchaser, Conway H.
Lewis, upon the payment by said purchaser of said purchase price of
$5,500.00, in full." (Italics ours.)*

There seems to be no controversy between the parties as
to the purchaser's bid, when made in open court, being for
cash. However, when it came time to complete the transac-
tion as the court directed, the purchaser sought to offset
against the purchase price $4,125 as the value of the interests
of ¾ of the heirs who had quit-claimed their interests in
the real estate to the purchaser. The balance of $1,375 was
tendered. The administrator rejected this, and on December
2, 1946, upon petition of the purchaser, reciting the above
facts and including by reference his written bid of $5,500
(which bid recites

"I  *  *  *  hereby make a cash bid  *  *  *")
an order was issued for a citation directing the adminis-
trator to

"show cause, if any he has, why an attachment should not issue to
compel him to make such conveyance, at request of counsel for both
parties."

The citation directed that he show cause why he should
not be compelled to execute a conveyance to the purchaser.
The heirs who had not transferred their interest had no
notice of this proceeding—at least so far as the record
shows.

After hearing the court entered its decision reciting the
facts as well as the theories of the parties, and ordered that
the administrator accept the $1,375, and execute the deed.
The court added:

"*  *  *  a refusal to do so will be punishable as a contempt of
court."

The court taxed the costs against the administrator
personally.

It appears from the lower court's decision that up to the
time of the hearing upon the citation the expenses of ad-

ministration and claims filed totaled $1,500. However, the time to present claims (February 12, 1947) had not passed.

Had this sale been conducted in the ordinary way and as contemplated by the order confirming sale, the purchaser would have paid to the administrator cash in the sum of $5,500. The estate would then have had, $5,029.80 (original cash in bank), $200 (sale of furniture), and $5,500 (cash for real estate) or a total of cash assets of $10,729.80. Out of this sum the $1,500 debts (assuming that it was the final total) would have been paid, leaving for distribution a balance of $9,229.80. Concededly the division would have been ¼ to non-assigning heirs, and ¾ to assigning heirs. What then is the effect of the assignment by the latter heirs of part of their interests? Logically one would probably conclude that as between them and their grantee ¾ of the proceeds of the sale of the real estate should go to him, if that distribution did not interfere with the rights of the non-assigning heirs.

It is to be kept in mind that what the assigning heirs assigned to the purchaser was their ¾ interest in the real estate sold, not their ¾ interest in the estate. So far as he and they are concerned probably no difficulty would arise, but what about these non-assigning heirs? On a petition for such a partial distribution, as in effect this decision accomplishes for the purchaser and grantee, they as heirs should have had notice and an opportunity to object if they saw fit. We are not concerned with the ultimate merit of their objection if any. They are entitled to notice. Sec. 102-12-1, U. C. A. 1943.

However, when the court permits the purchaser to take his share out of the purchase price merely upon a citation to the administrator and without notice to the non-assigning heirs, he forecloses any objection they may have to such a partial distribution. Indirectly it would be modifying the order confirming sale for cash without the statutory notice to all the heirs. See Sec. 102-10-24, U. C. A. 1943.

Furthermore this all took place prior to the time limit for the presentation of claims to creditors. The final total

of expenses of administration and of debts were as yet undetermined. This again places the estate in an uncertain position as to the ultimate result of such procedure. Our Code contemplates such a partial distribution to a grantee of the heirs if he gives bond to protect creditors. 102-12-2, U. C. A. 1943. Attention is invited to the fact, however, that a petition for such distribution is not entertained until after four months from the issuance of letters of administration. Letters of administration in this case were issued September 28, 1946. This decision was signed and filed December 3, 1946.

Quite aside from the statutory law of other states we are of the opinion that our Code prevents the court doing indirectly what it cannot do directly, to wit: Accomplish a partial distribution of the estate to a grantee of the heirs in violation of sections 102-12-1, and 102-12-2, U. C. A. 1943.

The effect of the purchaser's petition for a citation of which no notice was given to the heirs is to have transferred to him the ¾ interest in the real estate not by reason of the fact that he has purchased it from the estate, but by reason of the fact that he has purchased directly from the assigning heirs their ¾ interest. As to the ¼ interest, he did not deal directly with those heirs, and for that reason he is willing to purchase that interest from the estate. Obviously what he seeks to do is covered by section 102-12-1 which reads:

"At any time *after the lapse of four months* from the issuance of letters testamentary or of administration, any heir, devisee or legatee may present his petition to the court for the distribution *to him of the legacy or share of the estate* to which he is entitled, *or any person to whom any parcel or parcels of real estate left by the decedent may have been conveyed by the heirs* or devisees of the decedent *may present his petition* to the court *for the distribution to him of such real estate so conveyed.* Any partial distribution aforesaid may be made upon such distributee's giving bond with security for the payment of his proportion of the debts of the estate as hereinafter provided. *Notice* of such application for partial distribution *must be given.*" (Italics ours.)

Section 102-12-2 provides specifically for the procedure to be followed to free the real estate from the debts and expenses of the estate and contains this clause:

*"The costs of these proceedings shall be paid by the applicant or, if there are more than one, shall be apportioned equally among them."* (Italics ours.)

We are of the opinion that appellant's assignment of error, raising the question of the merit of this procedure should be sustained.

By his fourth assignment, appellant attacks the order of the court wherein it taxes costs against him personally. There appears to be no foundation for this part of the order. As a matter of fact the sections of our Code ■ cited with reference to a partial distribution to a grantee of the heirs contemplated that the grantee shall bear the costs, not the administrator either in his representative capacity or in his personal capacity. See second quotation above.

There is no necessity for a discussion of the other assignments of error made by appellant.

The proceedings of the lower court subsequent to the order confirming sale dated and filed November 26, 1946, so far as they pertain to the sale of this real estate and the imposition of penalties or costs upon the administrator are vacated and set aside. The cause is remanded with instructions to proceed in accordance with the principles herein set out, without prejudice, however, to a resolution of this difficulty by proper notice and at the proper time as indicated by our Code either as a partial distribution, or as a final distribution of the estate, or by such other procedure as may be allowed by statute.

Costs to appellant.

McDONOUGH, C. J., and WADE, WOLFE, and LATIMER, JJ., concur.